

U.S. Department of Justice

United States Attorney
District of New Jersey
*Civil Division*

___

ALINA HABBA
UNITED STATES ATTORNEY

*John T. Stinson*
*Assistant United States Attorney*
*Deputy Chief, Civil Division*

*401 Market Street, 4th Fl.*
*Camden, NJ 08101*
*john.stinson@usdoj.gov*

*main: (856) 757-5026*
*direct:(856) 757-5139*

May 21, 2025

**By ECF**
Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

    Re: *Muniz v. United States*, No. 24-1028
         **Rule 28(j) letter regarding *Waltermeyer* opinion**

Dear Ms. Dodszuweit,

    This Office represents appellee, Dr. Abigail Lopez De Lasalle. We write regarding the majority decision in *Waltermeyer v. Hazlewood*, ___ 4th ___, 2025 WL 1303838 (1st Cir. May 6, 2025), which affirmed a district court dismissal of an inmate claim based on *Carlson v. Green*, 446 U.S. 14 (1980).

    *Waltermeyer* is helpful here because a BOP physician reviewed objective medical information and made an informed treatment decision to which the inmate objected. Based on his reading of an MRI and the recommendation of an outside specialist, the BOP physician deferred approval for knee replacement surgery to address the inmate's chronic pain and joint deterioration. *Id.* at *3. Dr. Lopez De Lasalle similarly decided to take appellant Muniz off a diabetes treatment based on improved A1C test results, with a plan to readdress the matter in four months.

The majority held that "factual and legal differences make Waltermeyer's case 'meaningfully different' from *Carlson*." *Id*. Among the reasons, the majority found the following, which apply here: there was no "gross inadequacy in medical care" at the facility; the care provided to the inmate was "not contrary to medically advised procedures"; "unlike in *Carlson*, where both the lack of treatment and several of the treatments administered were medically contraindicated, there are no such allegations here" and "[t]his case involves not the denial of care but the timing of medical treatments which were in accord with doctors' instructions"; "[t]here was no deliberate indifference analogous to *Carlson*"; and the physician defendant "chose more conservative measures" than the inmate's preferred course. *Id*. at *4-5. Several of these "new context" factors from *Waltermeyer* also align with longstanding Third Circuit precedent holding that where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (cleaned up).

    Respectfully submitted,

    ALINA HABBA
    United States Attorney

By:   / s / *John T. Stinson*
    JOHN T. STINSON
    Assistant United States Attorney

cc:     all counsel of record (by ECF)