

Rights Behind Bars
1800 M St. NW Fnt. 1 #33821
Washington, DC 20033
**202-455-4399**

May 30, 2025

Patricia S. Dodszuweit, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
Philadelphia, PA 19106-1790

      Re: *Rolando Muniz v. United States of America*, No. 24-1028 (3d Cir.)

Dear Ms. Dodszuweit:

      Plaintiff-Appellant submits this letter responding to Appellees' Rule 28(j) letter, which addressed the First Circuit's decision in *Waltermeyer v. Hazlewood*, 2025 WL 1303838 (1st Cir. May 26, 2025). *Waltermeyer* was wrongly decided.

      The factors listed in Appellees' letter—gross inadequacy, care was not contrary to medically advised procedures or doctors' instructions, no contraindicated treatments, defendant chose more conservative measures—go to what Justice Breyer, in dissent, characterized as differences in "treatment," *id.* at *8 (Breyer, J., dissenting) and the Ninth Circuit categorized as the nature of the claim, *see Watanabe v. Derr*, 115 F.4th 1034, 1040–41 (9th Cir. 2024). These are typical merits considerations that should not be "smuggle[d]" into a *Bivens* argument. *Brooks v. Richardson*, 131 F.4th 613, 616 (7th Cir. 2025).

      Appellees' own letter removes any doubt that these considerations are best resolved as merits questions. They state that "[s]everal of these 'new context' factors from *Waltermeyer* also align with longstanding Third Circuit precedent holding that where 'a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state law.'" Dkt. 61 at 2 (quoting *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (cleaned up)). Appellees and *Walker* demonstrate that the interests animating *Waltermeyer* are already protected by the merits standard of an Eighth Amendment deliberate indifference claim and need not be double-counted in determining whether a *Bivens* remedy is available.

*Waltermeyer* misplaced these factors in the *Bivens* inquiry, as Justice Breyer's dissent powerfully pointed out. *See Waltermeyer*, 2025 WL 13803838, at *8 (Breyer, J., dissenting) ("These are differences of degree, not kind. ... Waltermeyer's claim appears to be weaker than the claim in *Carlson*. ... To conclude that a claim extends *Carlson* because it is weaker than the claim in *Carlson* is to undermine *Carlson* itself—the very thing the Supreme Court has asked us not to do." (citation omitted)).

*Waltermeyer* does not move the needle. This Court should reverse.

Respectfully submitted,

/s/ D Dangaran
D Dangaran
Samuel Weiss
RIGHTS BEHIND BARS
1800 M St. NW
Front 1 #33821
Washington, DC 20033

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF SERVICE

I, D Dangaran, hereby certify that on May 30, 2025, I electronically filed the foregoing 28(j) letter with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date: May 30, 2025

> */s/ D Dangaran*
>
> D Dangaran
> Counsel for Plaintiff-Appellant